IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00072-D

| | |
|---|---|
| HOWARD DUDLEY, **Plaintiff,** V. CITY OF KINSTON and A.N. GREENE, in his individual capacity, **Defendants.** | **PROTECTIVE ORDER** |

WHEREAS Plaintiff Howard Dudley and Defendants City of Kinston and A.N. Greene (collectively referred to herein as "the Parties") have requested access to the Lenoir County Department of Social Services ("Lenoir County DSS") records concerning the investigation of the abuse of Amy Denice Moore, and the Lenoir County DSS objects to providing its records absent a protective order to preserve the confidentiality of its records;

WHEREAS the records may contain confidential and sensitive information regarding Amy Denice Moore, who at the time of the investigation was a minor;

AND IT APPEARING TO THE COURT that it is in the interests of justice that access to the records be granted and that the confidentiality of the records be preserved, the Court hereby finds good cause that a Protective Order be issued.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Lenoir County Department of Social Services is hereby ordered to release the complete file and other records in possession of the Lenoir County DSS concerning Amy Denice Moore to the parties subject to the terms and conditions of this Protective Order.

2. Plaintiff and Defendants shall not use documents produced by the Lenoir County

DSS in this action for any purpose other than the prosecution/defense of this action.

3. No person shall disclose to any other person the documents produced pursuant to this Order or the information contained therein (the "Confidential Documents") unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and information may be disclosed only to the following persons:

A. Counsel of record for the Plaintiff and Defendants and the employees or such counsel who are assisting said counsel in preparation for the trial of the underlying case;

B. Persons specifically consulted by the Plaintiff and Defendants to assist in the preparation or trial of this matter who are not regular employees of counsel of record for Plaintiff and the Defendants but only if such persons need the Confidential Documents or information therefrom to render such assistance (such persons may not retain the Confidential Documents after their participation in the case is ended); and

C. Any deposition or trial witness at a deposition, hearing or trial to the extent that it is necessary to tender to such witness Confidential Document as an exhibit to elicit testimony relevant to the matters at issue in this case.

4. Before any person is given access to Confidential Documents or information, counsel for the Defendants and/or the Plaintiff shall provide such person with a copy of this Order and require such person to execute the acknowledgment attached hereto as **Exhibit A**. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the order and obtain his or her acknowledgment one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents.) A copy of such written acknowledgment shall be furnished to counsel for the Lenoir County DSS within ten (10) days after entry of final judgment or upon entry of a Court order so providing, whichever comes first. In the event any non-party deponent refuses to execute such written acknowledgment, such deponent may be shown the Confidential Documents only during his or her actual testimony and may not retain a copy of such documents.

5. Before filing any information contained in the Confidential Documents with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

6. Each person given access to Confidential Documents or information therefrom pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any information set forth in said documents, and shall keep such documents and the information contained therein or derived therefrom confidential except as otherwise provided by

the terms of this Order.

7. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and information therefrom shall continue to be binding upon all persons entitled to access under the terms of this Order, and counsel for the Plaintiff and Defendants shall represent in writing to counsel for the Lenoir County DSS that all such Confidential Documents and all copies, summaries, extracts and notes thereof have been destroyed.

8. Nothing in this Order shall preclude Plaintiff and Defendants or the Lenoir County DSS from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate. Nothing herein shall limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action.

9. This Court shall determine any measures which should be taken during trial of this case to satisfy the requirements of confidentiality consistent with the rights of all parties to present all admissible evidence necessary for a proper resolution of this case.

10. The confidentiality provisions described herein shall only apply to those documents released by the LCDSS pursuant to this Protective Order, and not to any LCDSS documents already in possession of the parties that have not been marked as confidential.

Dated: August 8, 2019

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

## Acknowledgment and Agreement to be Bound

I, _____, of _____, acknowledge that I have read in its entirety and understand the Protective Order entered in the matter of **_Howard Dudley v. City of Kinston and A.N. Greene, No. 4:18-CV-00072-D_**. I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions from the Court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the Protective Order in relation with my involvement with the above case.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____