THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-cv-072-D

| | |
|---|---|
| HOWARD DUDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT PROTECTIVE ORDER |
| ) | |
| CITY OF KINSTON and A.N. ) | |
| GREENE, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

Pursuant to Rule 26(c) and with the consent of the parties as designated below, the Court finds and orders as follows:

1. Defendants served a subpoena on Matt Delbridge, District Attorney for North Carolina's 9th Prosecutorial District, asking him to produce the following documents: "any and all documents relating to and/or discussing State v. Howard Denice Dudley, including but not limited to File No. 91-CRS-11955. Specifically requested is the entire copy of the District Attorney's file (as opposed to the Clerk's file) reflecting this case."

2. The documents requested by Defendants from Mr. Delbridge may be material and relevant to the claims and defenses asserted in this civil action pursuant to Rule 26 of the Federal Rules of Civil Procedure.

3. The documents that Defendants command Mr. Delbridge to produce include documents that constitute attorney work product that is protected by the attorney work product privilege and state law pursuant to N.C. Gen. Stat. § 15A-904; records of criminal investigations by public law enforcement agencies that are protected by state law pursuant

to N.C. Gen. Stat. § 132-1.4(a); confidential medical information and medical examination reports of Amy Moore; personally identifying information of the plaintiff, Amy Moore, and witnesses; Lenoir County Department of Social Services reports that are protected by state law pursuant to N.C. Gen. Stat. § 7B-2901(b); and a portion of a juvenile court record that is protected by state law pursuant to N.C. Gen. Stat. § 7B-3000(b).

4. With the consent of the parties and Mr. Delbridge, the Court finds that a protective order is appropriate and imposes the following terms and conditions on the use and disclosure of protected records. Such records shall be revealed only to and used only by "qualified persons" as provided in subparagraph 5(a)-(d) of this Order and only in connection with the prosecution and defense of this lawsuit, and any appeal thereof.

5. As used herein, "qualified persons" means:

   a. This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by the Court in the event any confidential matter is to be used or introduced at trial;

   b. Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals, investigators and employees actually working on the case at any time;

   c. Outside experts consulted or retained by counsel in connection with the preparation for trial or trial;

   d. The individual and entity parties to this action and witnesses in connection with the preparation for trial or at trial; and

  e. Representatives of insurance carriers for the parties.

  6. It shall be the responsibility of counsel for each party to this action to ensure that qualified persons receiving any confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

  7. Ultimate disposition of protected materials is subject to final Order of the Court upon completion of litigation.

  8. Although this Order is entered with the consent of the parties, it shall not constitute a waiver of the parties' right to object to the disclosure of material on grounds relating to discovery or to its admissibility into evidence.

  9. Each time a party seeks to file under seal confidential documents, things, and/or information, specifically those enumerated in Paragraph 3 which include Bates Stamped pages "DA000009-10, DA000100-158," said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition

to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

Dated: August 9, 2019

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge


Respectfully submitted,

/s/ Kathryn H. Shields
Special Deputy Attorney General
N.C. State Bar No. 43200
N.C. Department of Justice
P O Box 629
Raleigh, North Carolina  27602-0629
Phone: (919) 716-6800
kshields@ncdoj.gov
*Counsel for District Attorney Delbridge*


/s/ Sonya Pfeiffer
Sonya Pfeiffer
/s/ David S. Rudolf
David S. Rudolf
Rudolf Widenhouse
225 E. Worthington Avenue, Suite 200
Charlotte, North Carolina 28203
Phone: 704-335-0224
spfeiffer@rudolfwidenhouse.com
dsrudolf@rudolfwidenhouse.com
*Counsel for Plaintiff*


/s/ Elizabeth A. Martineau
Elizabeth A. Martineau
/s/ Thomas Olik
Thomas Olik

/s/ Michael D. Mori
Michael D. Mori
Martineau King, PLLC
P.O. Box 31188
Charlotte, North Carolina 28231
Phone: 704-247-8520
emartineau@martineauking.com
tolik@martinueauking.com
*Counsel for Defendants*