IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00072-D

**Howard Dudley**,

           Plaintiff,

v.

**City of Kinston & A.N. Greene**, in his individual capacity,

           Defendants.

**Order**

    Plaintiff Howard Dudley spent decades in prison after being convicted of sexually abusing Amy Moore, his nine-year-old daughter. Moore's trial testimony helped the State convict her father. Yet Dudley maintained his innocence.

    In 2013, Dudley filed a Motion for Appropriate Relief in state court. During a hearing on his MAR, Moore recanted her testimony and claimed two other men sexually abused her. Moore's hearing testimony led to a North Carolina Superior Court judge vacating Dudley's conviction. The district attorney proceeded to dismiss the charges against him.

    Dudley then sued Defendants City of Kinston and A.N. Greene, a detective with the Kinston Police Department, for alleged wrongdoing during the investigation that led to his arrest and conviction. Compl., D.E. 1. Among the issues involved are what Moore told investigators and social workers about the alleged sexual assault. Attorney Josiah Corrigan represents Moore. Mot. to Quash. ¶ 1, D.E. 85.

    As part of discovery, Defendants served Corrigan with a document subpoena. Subpoena, D.E 85–1. It requires him to turn over documents that he or his firm sent or received from Dudley's

attorneys or their firm. *Id.* Corrigan has asked the court to quash the subpoena, arguing that it seeks documents that are not relevant to the claims or defenses in this case.

The Federal Rules explain the grounds for quashing a subpoena. As is relevant here, a court must quash a subpoena if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The party moving to quash the subpoena must show that it is entitled to the relief it seeks. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 n.2 (4th Cir.) ("We do not mean to imply that, on a motion to quash, the requesting party bears the burdens of proof and of persuasion. The moving party bears those burdens."), *cert. denied,* 140 S. Ct. 672 (2019).

Corrigan has not shown that the court must quash the subpoena. He claims that the subpoena has imposed "undue burden and expense" on him. Mot. ¶ 4. But he provides no facts to back up this claim. There is no explanation about the number of documents he would have to produce; the cost of complying; or why, specifically, the request is unduly burdensome. Instead, his entire argument on this point occupies a single sentence:

> This subpoena should be quashed because the requested materials are of a non-party and are not relevant to this litigation, nor to the claims and defenses of a party.

Mot. ¶ 3. So his claim of undue burden relies on the fact that he is a non-party and the assertion that the requested materials are irrelevant.

Aside from its brevity, there are two substantial problems with Corrigan's argument. First, one of the primary purposes of a subpoena is to obtain documents from non-parties, so Corrigan's non-party status does not provide a basis to escape the subpoena's reach. *See* Fed. R. Civ. P. 45 2013 Advisory Committee Notes ("In Rule 45(a)(1)(D), 'person' is substituted for 'party' because the subpoena may be directed to a nonparty."). And second, Corrigan has not supported his claim that the requested materials

2

are irrelevant. To the contrary, Defendants explain that the requested materials relate to Moore's credibility and the credibility of three other witnesses. Resp. at 3–10, D.E. 96. So there is no basis, at least on the record presented to the court, to quash the subpoena.

Thus, the court denies Corrigan's motion. Corrigan must produce responsive documents no later than 14 days after entry of this order at the address listed on the subpoena. Corrigan and the Defendants may agree on an alternative timeline or place of production. If Corrigan claims that he should not have to produce certain documents because of a privilege or the work-product doctrine he must say so explicitly in writing and must produce a privilege log with enough information to allow the Defendants to assess the validity of his privilege claim.[1] Failure to produce an adequate privilege log may lead to the waiver of any otherwise applicable privilege or the work-product doctrine. Each party will bear their own costs.

Dated: September 18, 2020

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge

---

[1] The court expresses no view on whether a claim of privilege, having not been raised in the motion to quash, remains valid.