IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00072-D

**Howard Dudley**,

        Plaintiff,

v.

**City of Kinston & A.N. Greene**, in his individual capacity,

        Defendants.

**Order**

Yet again a party asks the court to strike a filing for allegedly violating the local rules. This time, Plaintiff Howard Dudley asks the court to strike a supplemental brief Defendants' filed because it allegedly violates this court's local rules on the length of briefs. D.E. 127. The court has been through similar exercises several times before. D.E. 92, 97, 103.

Recently, the court held a hearing on several pending motions. At the end of the hearing, the court allowed the parties to file supplemental briefs on issues related to a discovery dispute. Both parties did so. D.E. 124, 125.

Dudley now claims that Defendants' brief is too long. He asserts that under this court's local rules, it "is clear that a memorandum in support of or in opposition to a discovery motion shall not exceed 10 pages in length and shall not exceed 2800 words." Mot. to Strike ¶ 5. As Defendants' brief spills over onto an eleventh page and contains 3,387 words, Dudley believes the court should toss the Defendants' filing.

Local Rule 7.2(f) governs the length of memoranda submitted in support of a motion. As it explains that "memoranda must confirm to either the page limits or word limits below." Local Civil Rule 7.2(f). For discovery-related motions, the page limit for a memorandum in support is

10 pages or 2,800 words. *Id.* 7.2(f)(2), (f)(3). Certain items, including the case caption and the signature block do not count towards these limits. *Id.* 7.2(f)(1).

Dudley claims Defendants need to comply with both the page and word limits. Mot. to Strike ¶ 5. He is wrong. A party satisfies the local rules by submitting a memorandum that complies with "either the page limits or the word limits" listed in the Rule. Local Civil Rule 7.2(f). While complying with both limits is better, one is enough.

The court concludes that there is no need to strike Defendants' memorandum. Although it is 11 pages long, once the caption and signature block are removed, the filing appears to meet the 10-page limit.

Dudley also complains that Defendants' brief lacks the word-count certification required by Local Rule 7.2. That provision applies only if a party is relying on the word-limit provision set out in the rule. Local Rule 7.2(f)(3). As Defendants are relying on the page-limit requirement, they did not need to include a certification.

A review of the docket shows that neither party has a monopoly on local rule violations. Local Rule 5.1(a)(1) requires that "all documents submitted for filing shall be filed electronically . . . in accordance with the Policy Manual." And the court's CM/ECF Policy Manual requires that "Except as provided in Local Civil Rule 56.1, all memoranda of law in support of motions, affidavits, and declarations must be filed as separate docket entries and not as attachments to motions, responses, or replies." CM/ECF Policy Manual, Section V.E.1(b). Yet most, if not all, motions the parties have filed violate this rule by combining the motion and memoranda into one document. That violation joins the array of other violations the parties have raised in their earlier motions to strike.

The court reminds the parties that the local rules "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." Local Civil Rule 1.1 (emphasis added). The Federal Rules of Civil Procedure impose a similar obligation. Fed. R. Civ. P. 1 (containing identical language).

Regular violations of local rules and serial motions to strike are no way to achieve a speedy and inexpensive outcome in this or any other action. Instead, they lead to an unnecessary expenditure of resources by the parties and the court, while raising the level of animosity between counsel. Everyone involved with this case would be better served by focusing their energy and efforts on completing discovery and moving this matter towards its conclusion.

Thus, it is ordered that:

1. The court denies the motion to strike (D.E. 127).
2. The attorneys for each party and counsel for Amy Moore must review the court's Local Civil Rules and its CM/ECF Policy Manual. Any non-attorneys responsible for electronically filing materials with the court must review these items as well.
3. The court will be reviewing filings for compliance with the local rules and CM/ECF Policy Manual. If violations are found, the Clerk of Court may strike the filing without further notice or opportunity to cure. The court may also impose other sanctions on counsel for local rules violations including a fine or the initiation of contempt proceedings.
4. Any more motions to strike based on local rules violations are strongly disfavored. Before any attorney moves to strike a filing due to an alleged local rules violation, they must meet and confer; either in person, over the telephone, or through video; with the attorney who filed the allegedly offending pleading.
5. If a violation has occurred, an amended or corrected submission should be promptly filed.

6. No motion to strike may be filed until at least 36 hours have passed since the meet and confer process ended.

7. Any motion to strike must come with a certification saying that this consultation occurred before filing.

Dated: October 16, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge