IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-00072-D

| | |
|---|---|
| **Howard Dudley,** | |
| Plaintiff, | |
| v. | **Order** |
| **City of Kinston, et al.,** | |
| Defendants. | |

The County of Lenoir, a non-party, asks the court to seal certain documents related to child abuse investigations conducted by the County's Department of Social Services. D.E. 136. The motion to seal has been present on the public docket since October 2020 and no member of the public or another party has opposed the motion. The court will grant the motion.

### I.    Background

Plaintiff Howard Dudley spent decades in prison after being convicted of sexually abusing Amy Moore, his nine-year-old daughter. Moore's trial testimony helped the State convict her father. Yet Dudley maintained his innocence.

In 2013, Dudley moved for Appropriate Relief in state court. During a hearing on his MAR, Moore recanted her testimony and claimed two other men sexually abused her. Moore's hearing testimony led to a North Carolina Superior Court judge vacating Dudley's conviction. The district attorney dismissed the charges against him.

Dudley then sued Defendants for alleged wrongdoing during the investigation that led to his arrest and conviction. Compl., D.E. 1.

In August 2019, the court issued a Protective Order directing Lenoir County Department of Social Services to release all records pertaining to its investigation into Moore's sexual abuse allegations. D.E. 58 at 1. The Protective Order also directed that "[b]efore filing any information contained in the Confidential Documents with the Court, counsel shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party." D.E. 58 p. 3 ¶ 5. "Within ten (10) days of service of such notice, the party desiring that the material be maintained under seal shall file with the Court Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information." D.E. 58 at 3.

**II.     Standard of Review**

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id*.

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether

the public has already had access to the information contained in the records." *Id.* The court must find that the circumstances of a motion overcome both the First Amendment and common law presumption of access.

### III. Application

Lenoir County requests that the court place its Docket Entries 117 and 118 under seal. Its motion asserts that "the Confidential Documents contain sensitive information deemed confidential pursuant to Rule 5.2 . . . [and] additionally constitute, or otherwise include, information derived from Lenoir County Department of Social Services records, confidential court records, and/or medical records." D.E. 136 at 1.

Lenoir County filed the documents in connection with Defendants' motion seeking leave to file a third-party complaint, Since the documents are unrelated to a dispositive motion, the less stringent common law standard applies to this matter.[1] And Lenoir County argues, and the court agrees, that its interests in maintaining the confidentiality of the information in these documents outweighs the public interest in access. This supports sealing the Confidential Documents.

Additionally, Lenoir County has a "compelling interest in protecting its child abuse information" because of the difficulty associated with detecting and prosecuting child abuse, which is particularly acute when the accused is a parent. *Pennsylvania* v. *Ritchie*, 480 U.S. 39, 60 (1987). Lenoir County likewise has an interest in preserving the confidentiality of sensitive personal information about non-parties. And this interest is sufficiently compelling to overcome the First

---

[1] Generally, the First Amendment standard applies only to those documents filed in connection with dispositive motions or that otherwise substitute for trial. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d at 576 (documents which were previously subject to a protective order, but made part of a dispositive motion, "lost their status as being 'raw fruits of discovery … which is ordinarily conducted in private[.]'") (quotation omitted).

3

Amendment presumptive right of access. *Lynch* v. *Private Diagnostic Clinic, PLLC*, No. 1:16-CV-526, 2018 WL 1384486, at *7 (M.D.N.C. Mar. 16, 2018).

Lenoir County also points out that alternatives to sealing are unavailable. The sole reason the documents exist was the presentation and evaluation of sensitive information. And Lenoir County maintains that the documents contain child abuse information as well as sensitive information about non-parties on "virtually every page." D.E. 137 at 6.

After considering the motion to seal and the related filings, the court finds that it should grant the motion to seal because all the factors set out in *In re Knight Publishing Company* are satisfied. Lenoir County has shown that the documents subject to the motion to seal contain or refer to nonpublic information, considered confidential under the Consent Protective Order and for which the public has no proper purpose to seek. Based on this showing, the court finds that the circumstances presented by this motion overcome both the First Amendment and common law presumption of access.

Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed.

Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the child abuse information and sensitive information about non-parties in the Confidential Documents.

### IV. Conclusion

The court grants County of Lenoir's Motion to Seal (D.E. 136). The court directs the Clerk of Court to permanently seal D.E. 117 and 118.

Dated: January 4, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge