IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-00072-D

**Howard Dudley**,

    Plaintiff,

v.

**City of Kinston & A.N. Greene**, in his individual capacity,

    Defendants.

**Order**

   This is the latest in a series of orders related to a subpoena Defendants served on Josiah Corrigan, attorney for non-party Amy Moore. The subpoena asked for documents and correspondence between Corrigan and Dudley's attorneys.

   In response, Corrigan asked the court to quash the subpoena. Mot. to Quash, D.E. 85. He claimed the subpoenaed documents were not relevant to the case. *Id.* at 2. Defendants opposed the motion and argued that they needed the document to assess the credibility of witnesses Amy Moore, George Jenkins, James Perry, and Dal Wooten. Resp. in Opp. at 4, D.E. 96. The court granted the motion and required Corrigan to respond to the subpoena. D.E. 108, 140.

   The court also ordered that if Corrigan withheld any documents because of a privilege or the work-product doctrine, he "must produce a privilege log[.]" D.E. 108 at 3. The privilege log needed to include, among other things, the "privilege or doctrine that the producing party claims justifies withholding the document." D.E. 141 at 2.

   When Corrigan responded, he produced some documents in whole, produced some documents with redactions, and withheld others based on the attorney-client privilege or the work-product doctrine. As required, he produced a privilege log that, among other things, stated the

privilege or doctrine that he believed justified withholding the document. Dudley claims to have "joined" in the privilege log.

The court has reviewed, *in camera*, the documents and almost none of them pertain to the credibility issues that led the court to grant the motion in the first place. So the court will, sua sponte, rule that Corrigan need not produce those documents.

The sole document that appears responsive is an email sent on the morning of August 19, 2020, from Dudley's attorneys to Corrigan. D.E. 149–1 at 2. The document is partially redacted. Corrigan claims that this document is immune from discovery because it is opinion work product.[1]

Defendants disagree. They argue that if this document is work product, it is the work product of Dudley's attorneys, not Corrigan. They also argue that Dudley cannot assert the protection of the work-product doctrine in this circumstance. But if the court rejects those arguments, Defendants still claim the doctrine no longer applies because Dudley's attorney shared the document with Corrigan.

Since Dudley's attorneys wrote the email, the court agrees that if the work-product doctrine applies, it must be Dudley who invokes it. So the first question is whether Dudley can invoke the work-product doctrine when Defendants served the subpoena on Corrigan. The answer, generally speaking, is yes. A party may challenge a third-party subpoena if "the party claims some personal right or privilege in the information sought by the subpoena." *United States* v. *Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). So Dudley can still assert that the work-product doctrine prohibits Defendants from obtaining the email even though they did not direct the subpoena to him.

But this is not the first time Dudley has raised this issue with the court. In an earlier motion, Dudley asked the court to issue a protective order that prohibited Defendants from obtaining

---

[1] The privilege log also invokes the attorney-client privilege, but as the communication included no clients, the privilege is inapplicable.

2

"communications by his attorney that are protected by the attorney-client privilege, the work-product doctrine, and the common-interest privilege." D.E. 131 at 5. The court denied this request as "untimely and meritless[.]" D.E. 140 at 1.

The law-of-the-case doctrine requires the court to reach the same result here. Under the doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States* v. *Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (quoting *Christianson* v. *Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). Dudley has not asked the court to reconsider its earlier ruling,[2] so the court must reach the same outcome here.[3] Thus the court rules that Dudley may not rely on the work-product doctrine to prevent Defendants from obtaining the August 19, 2020 email.

Thus, the court grants Defendants' motion to compel production of withheld documents (D.E. 149) in part and denies it in part. Corrigan must produce an unredacted copy of the August 19, 2020, email with Bates number Corrigan Emails 002 to Defendants within no later than February 16, 2021. Each party will bear their own costs.

Dated: February 8, 2021

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge

---

[2] Judge Dever would have to address a motion to reconsider as he issued the original ruling.
[3] But the undersigned would also conclude that Dudley's assertion was untimely if addressing the matter in the first instance.

3