IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-72-D

| | | |
|---|---|---|
| HOWARD DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CITY OF KINSTON and | ) | |
| A.N. GREENE, | ) | |
| | ) | |
| Defendants. | ) | |

On December 15, 2020, United States Magistrate Judge Robert T. Numbers, II entered a thorough order explaining why the court was imposing an award of "reasonable expenses incurred" against plaintiff Howard Dudley's ("Dudley") counsel and witness Amy Moore's counsel. See [D.E. 172]; Fed. R. Civ. P. 37(a)(5)(A)–(B). The order discussed how counsel for Amy Moore "repeatedly and egregiously violated the rules that apply to depositions" during the deposition of Amy Moore and improperly terminated the deposition of Amy Moore. [D.E. 172] 2–4. The order also explained why the court granted defendants' motion to compel and denied Amy Moore's motion for a protective order concerning the deposition. See id. at 1–4. The order also explained why Howard Dudley's counsel failed to demonstrate that Dudley's motion for a protective order concerning Amy Moore's deposition was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B); see [D.E. 172] 4–5.

On December 29, 2020, Dudley's counsel appealed and objected to the order. See [D.E. 180]. On January 4, 2021, Amy Moore's counsel appealed and objected to the order. See [D.E. 181]. Defendants timely responded in opposition. See [D.E. 185, 190].

The court has reviewed the briefs, the deposition of Amy Moore, the deposition notice, correspondence about the deposition, the hearing transcript, and Judge Numbers's order. See [D.E. 115-4, 172, 180-1, 180-2, 185-1]. As for the appeal by counsel for Amy Moore, the court rejects counsel's contention that defendants' counsel failed to confer in good faith with Amy Moore's counsel before moving to compel. The deposition transcript reflects the good faith efforts of defense counsel to confer during the deposition and the outrageous response and behavior of Amy Moore's counsel during the deposition. Defense counsel's good faith efforts during the deposition satisfied Rule 37. See Yeager v. Fort Knox Sec. Prods., No. 2:11-cv-00091, 2013 WL 1786347, at *2 (D. Utah Apr. 25, 2013) (unpublished); Fed. R. Civ. P. 37(a)(5)(A)(i). The court also rejects counsel's contention that an award of reasonable expenses would be unjust because "counsel is an unpaid advocate for a mentally retarded, non-party" or that counsel "was attempting not to obstruct the deposition." [D.E. 181] 4. As Judge Numbers found, if counsel's "conduct did not justify an award of expenses, there are few, if any, cases in which an award would be appropriate." [D.E. 172] 4. Just so. There is absolutely nothing in the record that "make[s] an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Thus, the court overrules the objections of Amy Moore's counsel.

As for the appeal by Howard Dudley's counsel, they defend the motion for a protective order by arguing that there was a stipulation that the deposition of Amy Moore would be taken by video conference and that defense counsel would not be present in the room with Amy Moore during the deposition. See [D.E. 180] 1–3. Judge Numbers properly rejected the latter argument on December 1, 2020, and on December 15, 2020. See [D.E. 164] 8; [D.E. 172] 4–5. Nothing in the deposition notice or the parties' correspondence amounted to a stipulation that defense counsel would not be present in the room with Amy Moore during the deposition. Accordingly, Judge Numbers properly found that Dudley's motion for a protective order was not "substantially justified" and that "other

circumstances" would not "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Thus, the court overrules the objections of Dudley's counsel.

In sum, the court ADOPTS the findings and conclusions in the order of December 15, 2020 [D.E. 172], OVERRULES the objections [D.E. 180, 181], and AFFIRMS the order [D.E. 172]. The court expects compliance with the conclusion of Judge Numbers's order. See id. at 5–6. This court trusts that there will not be more litigation about "the appropriate amounts of fees and expenses." Id. at 6.

SO ORDERED. This 30 day of April 2021.

 J. Dever
 JAMES C. DEVER III
 United States District Judge